IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Case No. 07-cr-00402-LTB

UNITED STATES OF AMERICA,

Plaintiff,

v.

3. DANIEL MADRANO,

Defendant.

_____

**ORDER**
_____

This matter is before me on the **Motion to Reconsider Order of Detention** [Doc. # 58, filed 12/5/2007] (the "Motion") filed by defendant Daniel Madrano. I construe the Motion as a motion to reopen the detention hearing pursuant to 18 U.S.C. §3142(f). The Motion is DENIED.

Section 3142(f), 18 U.S.C., provides:

> The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

In this case, I held a detention hearing on September 11, 2007. Following the introduction of evidence, and in view of the evidence, proffers, contents of the pretrial services report, and arguments of counsel, I found that the defendant posed a risk of non-appearance, as follows:

> I find based on the defendant's history and personal characteristics that no condition or combination of conditions will reasonably

> assure the appearance of the defendant as required. The defendant has substantial ties to the Republic of Mexico and travels there frequently. He has a history of failing to appear at court dates as ordered. He was on probation at the time of the events underlying this charge. There is substantial evidence tying the defendant to an illegal drug transaction involving kilogram quantities of cocaine.

Order of Detention [Doc. # 23, filed 9/11/2007] at p.3.

The Motion seeks to reopen the issue of detention, arguing in its totality:

> At the time of the detention hearing, defense counsel was unaware that Mr. Madrano is a legal resident with significant and demonstrable ties to the community. In addition, at the time of the detention hearing defense counsel had not received discovery which, under subsequent review, demonstrates the minimal role Mr. Madrano played in the alleged criminal conduct.

Motion at ¶2.

The defendant's legal residence and ties to the community were known or reasonably should have been known to the defendant and his counsel at the time of the original detention hearing and form no basis to reopen the hearing. More to the point, however, is the fact that none of the arguments in the Motion address my findings that the defendant has a history of failing to appear at court dates as ordered and was on probation at the time of the events underlying this charge. Consequently, the defendant has failed to raise a factual issue concerning whether there is information that was not known to the defendant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the defendant's appearance.

IT IS ORDERED that the Motion is DENIED.

Dated December 7, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge